**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JUDY CHOU CHIUNG-YU WANG,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| **THE PRUDENTIAL INSURANCE** | § | |
| **COMPANY OF AMERICA, n/k/a** | § | |
| **PRUDENTIAL FINANCIAL, INC.,** | § | |
| **PRUCO LIFE INSURANCE COMPANY;** | § | |
| **PRUCO SECURITIES, LLC; JULIE** | § | **Civil Action No. 3:09-CV-1309-O (BF)** |
| **MAHANCO; MICHELE TALAFHA;** | § | |
| **MARY JO REICH; BONNIE GOSHIN;** | § | |
| **KATHRYN MARIE EVANS; RICHARD** | § | |
| **MICHAEL TRETA; RICHARD HSING** | § | |
| **SHENG WANG; AND LINDA WU** | § | |
| **JORDAN,** | § | |
| **Defendants.** | § | |
| | § | |
| **MILKIE FERGUSON INVESTMENTS,** | § | |
| **INC. AND BROKER DEALER** | § | |
| **CONCEPTS, INC.,** | § | |
| **Other Parties.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management. Plaintiff Judy Chou Chiung-Yu Wang ("Plaintiff") is proceeding *pro se*. Before the Court for consideration is the Motion to Dismiss ("Motion," doc. 16) of Milkie Ferguson Investments, Inc. ("Milkie"), filed September 16, 2009. The Court has considered the Motion, Plaintiff's Response ("Pl's Resp.," doc. 20), filed September 28, 2009, and Milkie's Reply (doc. 28), filed October 6, 2009. After considering the parties' arguments, briefing, and the applicable law, the Court recommends that the District Court **GRANT** Milkie's Motion to Dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) and dismiss Milkie.

**Background and Procedural History**

Plaintiff is an Asian citizen, over the age of fifty, who resides in Tarrant County Texas. Defendant The Prudential Insurance Company of America, now known as Prudential Financial, Inc. ("Prudential"), employed Plaintiff as an insurance agent until Prudential terminated her employment in October 2004.  This is the third lawsuit Plaintiff has filed in this Court against Prudential and others.  This Court has detailed the history of the first two suits in its Findings, Conclusions, and Recommendation with respect to the Motion to Dismiss filed by Broker Dealer Concepts, Inc. Plaintiff did not prevail in either of the first two suits.  Although Milkie was not a defendant in either of the first two suits, Plaintiff has named Milkie in her Amended Complaint ("Pl.'s Amend. Compl.," doc. 4) as a "Compulsory Joinder of Parties Defendant."  (Pl.'s Amend. Compl.)

In this suit, Plaintiff alleges against Prudential and its employees: (1) retaliation under Title VII, 42 U.S.C. § 2000e of the Civil Rights Act of 1964; (2) violations of 42 U.S.C. § 1981; (3) claims for disparate impact, disparate treatment, and retaliation under the Age Discrimination in Employment Act ("ADEA"), the Fair Labor Standards Act ("FLSA"), the Equal Pay Act ("EPA"), and the Texas Commission on Human Rights Act ("TCHRA"); and (4) violations under the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2,123 Stat. 5.  ( Pl.'s Am.Compl.)  Plaintiff also brings against Prudential and its employees state law claims for: (1) slander and defamation; (2) negligent retention, supervision, and hiring; (3) intentional infliction of emotional distress; (4) interference with contract; and (5) defamation.  (*Id.*)

Milkie correctly asserts that all of Plaintiff's claims for relief are directed to Prudential, not Milkie.  (Mot. at 4.)  Milkie seeks dismissal pursuant to FED. R. CIV. P. 12(b)(6) because Plaintiff has not stated a claim upon which relief can be granted nor requested damages or other such relief from this party.  (Mot. at 4; Pl.'s Am. Compl. at 4.)

**Dismissal for Failure to State a Claim**

To defeat a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12 (b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Although a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544). A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).

## Joinder of Parties

Rule 19 of the Federal Rules of Civil Procedure outlines the circumstances under which joinder of parties is appropriate.  Under Rule 19(a), a party should be joined, when feasible, if:  (1) in the person's absence, complete relief cannot be accorded among those already parties; or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter, impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.  FED.R.CIV.P. 19(a).

Rule 19(b) provides what a court should do if the court determines that a party should be joined under Rule 19(a), but joinder is not feasible because it would deprive the court of jurisdiction over the suit.  FED.R.CIV.P. 19(b).  Rule 19(b) is not applicable here.  Even if Milkie were required to be joined under Rule 19(a), Milkie's joinder would not deprive the Court of jurisdiction.  The pro se Plaintiff's attempt to apply the term "indispensable" to Milkie is misplaced.

## Analysis

Plaintiff alleges that the Form U5 is the Uniform Termination Notice for Securities Industry Registration, while the Form U4 form is the Uniform Application for Broker-Dealer Registration. (Pl.'s Am. Compl. at 10.)  According to Plaintiff, investment advisers, broker-dealers, or issuers of securities must use these forms to register or terminate the registration of an individual.  (*Id.*) Plaintiff bases her claims in this case primarily upon Prudential's notation of fraud and/or theft charges against Plaintiff on her U5 Form.  (Pl.'s Am. Compl. at 10.)   Plaintiff accuses Prudential

of retaliating against her and defaming her by amending certain U5 Forms three years after it terminated her employment. (*Id.*)

With respect to Plaintiff's allegations concerning Milkie, Plaintiff alleges that Milkie hired her as an "in-house full time security broker" after Prudential terminated her employment. (Pl.'s Am. Compl. at 4.) In her response, Plaintiff explains why she added Milkie. Plaintiff states that: "[a]ll the potentially discoverable information was being preserved or stored by Milkie . . . . Under these circumstances Wang added Milkie . . . as 'Compulsory Joinder of Parties' as the necessary and indispensable part[y] as 'involuntary party of Plaintiff,' not a defendant, on her amended complaint." (Pl.'s Resp. at 4.) Additionally, Plaintiff makes the conclusory allegation that "there is a right of relief out of the same transaction, and issues of fact/law are involved." (*Id.* at 5.) Construing her pleadings liberally, the Court concludes that Plaintiff believes that Milkie is a necessary and indispensable party because it had to amend its U4 Forms when Prudential amended the U5 Forms. (Pl.'s Resp. at 4.) Plaintiff simply misunderstands the application and purpose of FED. R. CIV. P. 19(a). Even if Plaintiff should need to obtain discovery from Milkie, that fact would not dictate that Milkie should be joined as a party.

The Court finds that if Plaintiff is entitled to relief in this case, complete relief can be provided without Milkie. Milkie is not required to be joined to afford complete relief among existing parties pursuant to FED. R. CIV. P. 19(a)(1)(A). Milkie does not claim an interest relating to the subject of the action. Accordingly, Milkie is not required to be joined under FED. R. CIV. P. 19(a)(1)(B).

Although a court should rarely dismiss a claim that fails to meet the pleading requirements without granting leave to amend, this is a case where the defect is simply incurable. Plaintiff's own

admissions show that, at most, Milkie is a fact witness from whom Plaintiff may seek discovery and not a party whose joinder is required.  (Pl.'s Resp. at 5.)

## <u>Recommendation</u>

Plaintiff fails to state a claim upon which relief may be granted against Milkie.  From Plaintiff's admissions in her response, the Court finds that Plaintiff has stated her best case against Milkie in her 55-page Amended Complaint and that the opportunity for Plaintiff to further amend her Complaint would be futile.  The District court should grant Milkie's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) and dismiss Milkie from this action.

**IT IS SO RECOMMENDED**, this 10th day of December, 2009.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

6

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).