IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUDY CHOU CHIUNG-YU WANG,     Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:09-CV-1309-O (BF) |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, n/k/a PRUDENTIAL FINANCIAL, INC.; PRUCO LIFE INSURANCE COMPANY; PRUCO SECURITIES, LLC; JULIE MAHANCO; MICHELE TALAFHA; MARY JO REICH; BONNIE GOSHIN; KATHRYN MARIE EVANS; RICHARD MICHAEL TRETA; RICHARD HSING SHENG WANG; AND LINDA WU JORDAN,     Defendants. | § § § § § § § § § § § § § § | |
| MILKIE FERGUSON INVESTMENTS, INC. AND BROKER DEALER CONCEPTS, INC.,     Other Parties. | § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management. Plaintiff Judy Chou Chiung-Yu Wang ("Plaintiff") is proceeding *pro se*. Before the Court for consideration is the Motion to Dismiss ("Motion," doc. 13) of Broker Dealer Concepts, Inc. ("Broker Dealer Concepts"), filed September 16, 2009. The Court has considered the Motion, Plaintiff's Response ("Pl's Resp.," doc. 21), filed September 28, 2009, and Broker Dealer Concepts' Reply (doc. 24), filed October 1, 2009. After considering the parties' arguments, briefing, and the applicable law, the Court recommends that the District Court **GRANT** Broker Dealer Concepts' Motion to Dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) and dismiss Broker

Dealer Concepts.

## Background and Procedural History

Plaintiff is an Asian citizen, over the age of fifty, who resides in Tarrant County Texas. Defendant The Prudential Insurance Company of America, now known as Prudential Financial, Inc. ("Prudential"), employed Plaintiff as an insurance agent until Prudential terminated her employment in October 2004. This is the third lawsuit Plaintiff has filed in this Court against Prudential and others. Plaintiff's first suit, filed on October 24, 2005, was styled: *Wang v. Prudential Fin. Corp., et al.,* No. 3:05-CV-2091-B, 2007 WL 1186556 (N.D. Tex. April 20, 2007) ("First Suit"). In that action, Plaintiff alleged the following causes of action against Prudential and manager Richard Treta: (1) violation of the Age Discrimination in Employment Act of 1967 ("ADEA"); (2) violation of Title VII (race discrimination, racially hostile working environment, and retaliation); (3) violation of 42 U.S.C. §1981 ("§ 1981"); and (4) violation of the Texas Labor Code and Texas Human Rights Act ("TCHRA"). Plaintiff also alleged common law claims of: (1) intentional infliction of emotional distress; (2) negligent supervision, retention, and training; and (3) defamation. Plaintiff asked for compensatory damages, front pay, back pay, punitive damages, and reinstatement. By April 20, 2007, the District Court had dismissed with prejudice all Plaintiff's claims in that action and entered final judgment against Plaintiff. (*Id*.) Plaintiff appealed, and the Fifth Circuit Court of Appeals affirmed the District Court's decision. *Wang v. Prudential Fin. Corp*., No. 07-10534, 267 Fed. Appx. 362 (5th Cir. Feb. 26, 2008) (unpublished). Plaintiff sought certiorari, but the United States Supreme Court denied her petition. *Wang v. Prudential Fin. Corp*., No. 08-174, 129 S. Ct. 407 (Oct. 14, 2008). The Supreme Court also denied rehearing. *Wang v. Prudential Fin. Corp*., No. 08-174, 129 S. Ct. 758 (Dec. 8, 2008).

On August 7, 2007, Plaintiff filed her second suit ("Second Suit") in state court, and Defendants properly removed the suit to this Court. *Wang v. Prudential Fin. Corp., et al.*, No. 3:07-CV-1574-P (N.D. Tex. Jan. 1. 2008). Plaintiff alleged the following causes of action against Prudential and manager Richard Treta: (1) violation of the ADEA and the Equal Pay Act; (2) disparate treatment and hostile work environment including sexual harassment in violation of TCHRA, Title VII, and § 1981; (3) discrimination and retaliation in violation of Title VII; (4) negligent supervision, retention, and training by Defendant Richard Treta and other managers; and (5) nonpayment of benefits. *Id.* The District Court found the operative facts in the Second Suit and the First Suit to be identical and concluded that both cases were based on the same transactions and factual events, namely, "the alleged continuing discriminatory conduct arising out of Plaintiff's employment with Defendants until October 2004." *Id.* Accordingly, the Court found that all elements of res judicata were satisfied and that res judicata barred Plaintiff's claims against Defendants in the Second Suit. *Id.* The District Court also found that res judicata barred all claims that could have been brought in the First Lawsuit and denied Plaintiff's request to supplement her claims. *Id.*

In Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") in this suit, she alleges against Prudential and its employees: (1) retaliation under Title VII, 42 U.S.C. § 2000e of the Civil Rights Act of 1964; (2) violations of 42 U.S.C. § 1981; (3) claims for disparate impact, disparate treatment, and retaliation under the Age Discrimination in Employment Act ("ADEA"), the Fair Labor Standards Act ("FLSA"), the Equal Pay Act ("EPA"), and the Texas Commission on Human Rights Act ("TCHRA"); and (4) violations under the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2,123 Stat. 5. (Pl.'s Am.Compl.). Plaintiff also brings against Prudential and its employees state

3

law claims for: (1) slander and defamation; (2) negligent retention, supervision, and hiring; (3) intentional infliction of emotional distress; (4) interference with contract; and (5) defamation. (*Id.*)

Broker Dealer Concepts correctly asserts that all of Plaintiffs claims for relief are directed to Prudential and its employees. Broker Dealer Concepts seeks dismissal pursuant to FED. R. CIV. P. 12(b)(6) because Plaintiff has not stated a claim upon which relief can be granted nor requested damages or other relief from this party. (Mot. at 2; Pl.'s Am. Compl. at 4.) Plaintiff states that "[a]ll the potentially discoverable information was being preserved or stored by . . . Broker Dealer Concepts. Under these circumstances, Wang added Milkie . . . as 'Compulsory joinder of Parties' as the necessary and indispensable parties as 'involuntary party of Plaintiff,' not a defendant, on her amended complaint." (Pl.'s Resp. at 4.) Additionally, Plaintiff makes the conclusory allegation that "there is a right of relief out of the same transaction, and issues of fact/law are involved." (*Id.* at 5.)

### **Dismissal for Failure to State a Claim**

To defeat a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12 (b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Although a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and

footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544). A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).

## **Joinder of Parties**

Rule 19 of the Federal Rules of Civil Procedure outlines the circumstances under which joinder of parties is appropriate. Under Rule 19, a party should be joined, when feasible, if: (1) in the person's absence, complete relief cannot be accorded among those already parties; or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter, impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. FED.R.CIV.P. 19(a).

Rule 19(b) provides what the Court should do if the court determines that a party should be

joined under Rule 19(a), but joinder is not feasible because it would deprive the court of jurisdiction over the suit. FED.R.CIV.P. 19(b). Rule 19(b) is not applicable here. Even if Broker Dealer Concepts were required to be joined under Rule 19(a), its joinder would not deprive the Court of jurisdiction. Plaintiff's attempt to apply the term "indispensable" to Broker Dealer Concepts is misplaced.

## **Analysis**

Plaintiff alleges that the Form U5 is the Uniform Termination Notice for Securities Industry Registration, while the Form U4 form is the Uniform Application for Broker-Dealer Registration. (Pl.'s Am. Compl. at 10.) According to Plaintiff, investment advisers, broker-dealers, or issuers of securities must use these forms to register or terminate the registration of an individual. (*Id*.) Plaintiff bases her claims in this case primarily upon Prudential's notation of fraud and/or theft charges against Plaintiff on her U5 Form. (Pl.'s Am. Compl. at 10.) Plaintiff accuses Prudential of retaliating against her and defaming her by amending certain U5 Forms three years after it terminated her employment. (*Id*.)

With respect to Plaintiff's allegations concerning Broker Dealer Concepts, Plaintiff alleges that Broker Dealer Concepts was Milkie Ferguson Investments, Inc.'s ("Milkie Ferguson") "outsource consultant agency" and that Milkie Ferguson hired her as an "in-house full time security broker" after Prudential terminated her employment. (Pl.'s Am. Compl. at 4.)

Plaintiff admits in her response to the Motion that she considers Broker Dealer Concepts and Milkie Ferguson to be necessary and indispensable parties because they shared the same issues of law and fact regarding the transactions for which she is suing Prudential, i.e., the amendment of U5 Forms and U4 Forms. (Pl.'s Resp. at 4.) Plaintiff cites no facts supporting these conclusory

6

claims that Broker Dealer Concepts shares issues of law and fact. Plaintiff, who is proceeding *pro se*, simply misperceives the application and purpose of FED. R. CIV. P. 19(a).

The Court finds that if Plaintiff is entitled to relief in this case, complete relief can be provided between Plaintiff and the named Defendants. Broker Dealer Concepts is not required to be joined to afford complete relief among existing parties pursuant to FED. R. CIV. P. 19(a)(1)(A). Broker Dealer Concepts does not claim an interest relating to the subject of the action. Accordingly, Broker Dealer Concepts is not required to be joined under FED. R. CIV. P. 19(a)(1)(B).

Although a court should rarely dismiss a claim which fails to meet the pleading requirements without granting leave to amend, this is a case where the defect is simply incurable. Plaintiff's own admissions show that, at most, Broker Dealer Concepts is a fact witness from whom Plaintiff may seek discovery and not a party whose joinder is required. (Pl.'s Resp. at 5.)

## **Recommendation**

Plaintiff fails to state a claim upon which relief may be granted against Broker Dealer Concepts. From Plaintiff's admissions in her response, the Court finds that Plaintiff has stated her best case against Broker Dealer Concepts in her 55-page Amended Complaint and that the opportunity for Plaintiff to further amend her Complaint would be futile. The District court should

grant Broker Dealer Concepts' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) and dismiss Broker Dealer Concepts from this action.

**IT IS SO RECOMMENDED**, this 11th day of December, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).