IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUDY CHOU CHIUNG-YU WANG | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-1309-O (BF) |
| | § | |
| THE PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA, et al. | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

It is apparent from all relevant matters of record that the Plaintiff's purpose in attempting to bring Broker Dealer Concepts, Inc., ("Broker Dealer Concepts") into this action as a party is to minimize costs of discovery from a witness – namely, Broker Dealer Concepts. *See e.g.* Doc. # 20 ("Plaintiff's Response") at 5. The Court notes in particular and agrees with the conclusion of the Magistrate Judge that:

> Although a court should rarely dismiss a claim which fails to meet the pleading requirements without granting leave to amend, this is a case where the defect is simply incurable. Plaintiff's own admissions show that, at most, Broker Dealer Concepts is a fact witness from whom Plaintiff may seek discovery and not a

party whose joinder is required.

MJ-FCR at 6-7.

Under the best construction, Plaintiff's Objections do nothing more than confirm the basis for that conclusion. *See* Doc.. # 49 ("Plaintiff's Objections") at 9-10. Plaintiff contends that:

> Broker Dealer Concepts itself suffered economic loss after hiring, investing and training in Wang and further had to amend to false amended U4 which was generated from the Prudential's false amended U5. In this capacity, Broker Dealer Concepts is not a Defendant, but as a co-Plaintiff in this case .... [I]t is premature to dismiss Broker Dealer Concepts prior to full Discovery [sic.]. Wang will amend to drop Broker Dealer Concepts as a required party and add Broker Dealer Concepts as a party of Defendant.

*Id.* at 10. It is apparent, upon review of the totality of Plaintiff's Objections and pleadings, that the Magistrate Judge was correct in concluding that "Plaintiff fails to state a claim upon which relief may be granted against Broker Dealer Concepts. From Plaintiff's admission in her response, the Court finds that Plaintiff has stated her best case against Broker Dealer Concepts in her 55-page Amended Complaint and that the opportunity for Plaintiff to further amend her Complaint would be futile." MJ-FCR at 6.

Accordingly, Plaintiff's complaint against Broker Dealer Concepts, will be dismissed pursuant to Rule 12(b)(6).

**SIGNED** this 25th day of February, 2010.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**