IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUDY CHOU CHIUNG-YU WANG, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:09-cv-1309-O-BF |
| § | |
| THE PRUDENTIAL INSURANCE § | |
| COMPANY OF AMERICA, n/k/a § | |
| PRUDENTIAL FINANCIAL, INC., et al. § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The Honorable Reed O'Connor referred this case to the United States Magistrate Judge for pretrial management. Before the Court is Defendants Mohanco, Talafha, Reich, and Goshin's ("Nonresident Defendants" herein) Motion to Dismiss for Lack of Personal Jurisdiction and Insufficient Service of Process ("Motion to Dismiss"). After considering the Motion, Response, Reply, Sur-Reply, and Sur-Sur-Reply and the applicable law, the Court is of the opinion that the District Court should **GRANT** Nonresident Defendants' Motion to Dismiss for lack of personal jurisdiction.

Plaintiff is an Asian citizen, over the age of fifty, who resides in Tarrant County, Texas. Defendant the Prudential Insurance Company of America, now known as Prudential Financial, Inc. ("Prudential" herein), employed Plaintiff as an insurance agent until terminating her employment in October 2004. This is Plaintiff's third lawsuit against Prudential and its employees regarding her

termination, though the first naming Nonresident Defendants as parties.[1]  Inasmuch as Plaintiff brings suit against Nonresident Defendants in their personal capacities, all of Plaintiff's claims appear to involve what she claims are false and/or exaggerated allegations of impropriety included in her U-5 form, a form that brokerage houses are required by the Financial Industry Regulatory Authority ("FINRA") to complete upon the termination of a broker employee.

## ANALYSIS

"A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).  In Texas, these standards are the same. *Id*. When a nonresident defendant raises a challenge of personal jurisdiction, the plaintiff must make a prima facie showing that jurisdiction is proper.  *Id*. at 758.

Under a due process inquiry, the Court may exercise personal jurisdiction over a nonresident defendant if "(1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial injustice." *Id*. at 759. (internal quotations omitted).  Where those contacts are continuous and systematic, the court may exercise general jurisdiction.  *Id*.  Where the court lacks general jurisdiction, it may still have specific jurisdiction if the plaintiff's lawsuit arises from the nonresident defendant's contacts with the forum state.  *Id.*

---

[1] For a thorough history of Plaintiff's prior lawsuits against Prudential, see the Court's Findings, Conclusions, and Recommendation with respect to the Motion to Dismiss filed by Broker Dealer Concepts, Inc. (doc. 46).

Here, the Court clearly does not have general jurisdiction over the Nonresident Defendants. The Nonresident Defendants have each submitted affidavits in which they assert, among other things, that in their personal capacities, they have not maintained a residence, domicile or office in Texas, traveled to Texas for personal reasons, owned or leased property in Texas, or had employees who reside in Texas or regularly travel to Texas. Plaintiff offers no evidence to dispute these sworn statements. Of the Nonresident Defendants, only Julie Mohanco has been to Texas within the past ten years, and then only for purposes related to her employment with Prudential. Under the fiduciary-shield doctrine, a defendant's contacts with the forum state which arise solely from a nonresident defendant's employment should not be considered when determining whether the court has general jurisdiction over nonresident defendants. *See Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). While a lack of physical presence in the state is not dispositive,[2] Plaintiff has brought no evidence forward to suggest that Nonresident Defendants have the systematic and continuous contacts with Texas that would give rise to personal jurisdiction over the Nonresident Defendants in Texas.

Furthermore, the Court finds that it does not have specific jurisdiction over the Nonresident Defendants. As noted above, the entirety of Plaintiff's allegations against the Nonresident Defendants arise from allegedly libelous misrepresentations on Plaintiff's U-5 form. Therefore, the Court will treat this as a libel action for jurisdictional purposes. "Specific jurisdiction for a suit alleging the intentional tort of libel exists for (1) a publication with adequate circulation in the state, or (2) an author or publisher who 'aims' a story at the state knowing that the 'effects' of the story will be felt there." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 425 (5th Cir. 2005).

---

[2]*See Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985).

Although Plaintiff has established that the effects of the alleged libel were felt in Texas, that is insufficient to establish specific jurisdiction. *See Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002) ("the plaintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction"). Here, there is no evidence that the alleged libel was "aimed" at Texas, being instead filed as a part of an industry mandated U-5 report. As Plaintiff notes, the U-5 form is available "to the whole nation[] and the whole world."[Pltf's Resp. at 4.] The fact that the allegedly libelous form is widely available cuts against finding that it was "aimed" at Texas. *See Revell*, 317 F.3d at 475 ("the post to the bulletin board here was presumably directed at the entire world, or perhaps just concerned U.S. citizens[, b]ut certainly it was not directed specifically at Texas"); *see also Remick v. Manfredy*, 238 F.3d 248, 259 (3d Cir. 2001) (finding that publication throughout the "boxing world" was insufficiently targeted toward the plaintiff's practice in Pennsylvania).

Though, unlike in *Revell*, the alleged libel involves events that presumably occurred in Texas, such consideration is outweighed by the fact that the U-5 form is required by FINRA and thus introduces an element of involuntariness also not found in *Revell*; to the extent that the U-5 form establishes contacts between the Nonresident Defendants and Texas, such contacts cannot be said to result from "purposeful availment." Additionally, in this age of national regulation, it would violate notions of "fair play and substantial justice" to say that an employee filling out a mandatory regulatory form is thus subject to personal jurisdiction wherever misconduct and harm arising from that form is alleged.

Having determined that the Court lacks jurisdiction over the Nonresident Defendants, the Court need not decide whether service of process was insufficient.

4

## **RECOMMENDATION**

The Court recommends that Nonresident Defendants' Motion to Dismiss be **GRANTED**.

**SIGNED**, March 16, 2010.

                                              PAUL D. STICKNEY
                                              UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).