IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUDY CHOU CHIUNG-YU WANG, § § **Plaintiff,** § § v. § § THE PRUDENTIAL INSURANCE § COMPANY OF AMERICA, n/k/a § PRUDENTIAL FINANCIAL, INC., et al. § § **Defendants.** § | Case No. 3:09-cv-1309-O-BF |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for pretrial management. Plaintiff Judy Chou Chiung-Yu ("Plaintiff") proceeds *pro se*. Before the Court for consideration is Defendants' "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)." Having considered the motion and the briefing of all parties, the Court recommends that the District Court **GRANT** Defendants' Motion to Dismiss.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an Asian citizen, over the age of fifty, who resides in Tarrant County, Texas. Defendant The Prudential Insurance Company of America, now known as Prudential Financial, Inc. ("Prudential"), employed Plaintiff as an insurance agent until Prudential terminated her employment in October 2004. This is the third lawsuit related to Plaintiff's termination with Prudential to come before the Court.

Plaintiff's first suit ("*Wang I*"), styled *Judy Wang v. Prudential Financial Corporation, et al.*, No. 3:05-cv-2091-B, was filed on October 24, 2005. In that action, Plaintiff alleged the

following causes of action against Prudential and manager Richard Treta ("Treta"): (1) violation of the Age Discrimination in Employment Act of 1967 ("ADEA"); (2) violation of Title VII (race discrimination, racially hostile working environment, and retaliation); (3) violation of 42 U.S.C. § 1981; (4) violation of the Texas Labor Code and Human Rights Act ("TCHRA"); (5) intentional infliction of emotional distress; (6) negligent supervision, retention, and training; and (7) defamation.  By April 20, 2007, Plaintiff's claims were all dismissed with prejudice and final judgment was entered against Plaintiff.  Wang appealed that decision, and the Fifth Circuit affirmed. *Wang v. Prudential Fin. Corp*, 267 Fed. App'x 362 (5th Cir. 2008).

Plaintiff filed her second suit against Prudential ("*Wang II*"), No. 3:09-cv-1574-P, on August 7, 2007, while *Wang I* was still pending in the Fifth Circuit.  *Wang II* was filed in Texas state court, but removed by Prudential to this District.  In that case, Plaintiff alleged the following causes of action: (1) violation of the ADEA and the Equal Pay Act ("EPA"); (2) disparate treatment and hostile work environment including sexual harrassment in violation of TCHRA, Title VII, and § 1981; (3) discrimination and retaliation in violation of Title VII; (4) negligent supervision, retention, and training of Defendant Richard Treta and other managers; and (5) nonpayment of benefits.  In *Wang II*, the Honorable Jorge A. Solis granted Prudential's motion to dismiss on the grounds that all of Plaintiff's causes of action were or should have been raised as a part of *Wang I* and, thus, were barred by *res judicata*.  Judgment in *Wang II* was entered on January 9, 2008.

Plaintiff filed the instant case on July 13, 2009.  Plaintiff again names Prudential and Treta as defendants, as well as numerous other Prudential employees.  Plaintiff also named Milkie Ferguson Investments, Inc. ("Milkie") and Broker Dealer Concepts, Inc. ("Broker Dealer") as parties to the case.  This Court recommended that Milkie and Broker Dealer be dismissed as parties because

the pleadings made clear that their potential involvement in the case did not rise above the level of factual witness. The District Court accepted these recommendations on February 25, 2010. This Court has since recommended that Defendants Mohanco (incorrectly identified as Mohasco in the caption), Reich, Talafha, and Goshin be dismissed because this Court lacks personal jurisdiction over them.

In Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") in this suit, she alleges against Prudential and its employees: (1) retaliation under Title VII, 42 U.S.C. § 200e of the Civil rights Act of 1964; (2) violations of 42 U.S.C. § 1981; (3) claims for disparate impact, disparate treatment, and retaliation under the ADEA, the Fair Labor Standards Act ("FLSA"), the Equal Pay Act ("EPA"), and the TCHRA ("Compensation Claims"); and (4) violations of the Lilly Ledbetter Fair Pay Act of 2009 ("Ledbetter Act") [*See* Pl.'s Am. Compl.] Plaintiff also brings against Prudential and its employees the following claims under Texas state law: (1) slander and defamation; (2) negligent retention, supervision, and hiring; (3) intentional infliction of emotional distress; (4) interference with contract; and (5) defamation. [*See id*.]

## ANALYSIS

### *Standard of Review*

In determining whether dismissal should be granted under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Plaintiff's "factual allegations must be enough to raise a right to relief above the

3

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (Internal citation and footnote omitted).

### *Res Judicata*

Defendants raise the affirmative defense of *res judicata* as to all of Plaintiff's claims. *Res judicata* "bars all claims that were brought or could have been advanced in support of a cause of action on the occasion of its former adjudication." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 314 (5th Cir. 2004). Four elements must be met for a claim to be barred by *res judicata*: 1) the parties in both the prior suit and current suit must be identical; a court of competent jurisdiction must have rendered the prior judgment; 3) the prior judgment must have been final and on the merits; and 4) the plaintiff must raise the same cause of action in both suit. *Id*. Here, only the first and fourth elements are disputed.

Plaintiff argues that this suit is not barred because some of the remaining parties are named for the first time in this litigation. Although this is true, Plaintiff's argument exhibits a misunderstanding of the identity of parties prong of *res judicata*. "The identity of parties test is met not only as to parties to the earlier litigation . . . but also to those in privity with them." *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990). A non-party is in privity with a party for res judicata purposes "if the party adequately represented his interests in the prior proceeding." *Id*. Here the non-parties are employees of the prior party, Prudential. In *Lubrizol Corp. v. Exxon Corp.*, the Fifth Circuit found that where the initial suit was filed against the corporation on grounds of vicarious liability, the employees were in privity with the employer for purposes of *res judicata*. 871 F.2d 1279, 1287-1289 (5th Cir. 1989). This case too involves individual defendants whose only involvement in the case arises from their employment with

4

Prudential. Therefore, the individual defendants are in privity with Prudential for purposes of *res judicata*.

Furthermore, although PRUCO Securities, L.L.C. and PRUCO Life Insurance Company are named for the first time in this suit, Plaintiff concedes in her complaint that they share their identity with Prudential. [Pl.'s Am. Compl. at 2.] Thus as to all defendants remaining in this litigation, the first prong of *res judicata* is satisfied.

### *A. Plaintiff's Claims arising from the U-5 Form Amendment*

Plaintiff also contends that this suit arises under a separate cause of action than *Wang I* and *Wang II* because her claims arise from the amendment of her U-5 Form, not her termination, which was the subject of her last two suits.

With the exception of Plaintiff's Compensation Claims, all of Plaintiff's claims arise from an amendment Prudential made to Plaintiff's Uniform Termination Notice for Securities Industry Regulation ("U-5 Form") regarding the termination of her employment.[1] On October 18, 2007, Prudential sent a letter to Plaintiff stating that her U-5 Form was incorrect as submitted, and would be amended to reflect that Plaintiff's resignation followed allegations that she had (1) violated investment-related statutes, regulations, rules or industry standards or conduct, and (2) committed fraud or the wrongful taking of property. On November 15, 2007, Prudential made the amendments discussed in the October 18 letter. This amendment gives rise to the majority of Plaintiff's claims.

---

[1] The Financial Industry National Regulatory Authority ("FINRA") requires member firms to complete and file with FINRA a U-5 Form within thirty days of terminating an agent's employment. *See Rosenberg v. MetLife, Inc.*, 8 N.Y.3d 359, 361 (N.Y. 2007). The U-5 Form contains the reasons for the agent's termination and a number of disclosure questions that address whether the employee had been subject to criminal charges, customer complaints, or an internal review for violating investment-related rules. *See id.*

5

Although Plaintiff also points to a second amendment that Prudential made on August 11, 2008, this amendment removed the allegations of fraud and wrongful taking of property from Plaintiff's U-5 form. [Pl.'s Am. Compl. at 14-15.] None of the harms which Plaintiff alleges arise from the later amendment. As such, the August 11 amendment cannot serve as the basis for a cause of action or a continuation of a cause of action.

The question before the Court, then, is whether causes of action rising from the November 15, 2007 amendment of Plaintiff's U-5 form is barred because of prior suits. The Court finds that Plaintiff's current claims are barred by *Wang II*.

Under the "subsequent wrong" doctrine, *Wang I* cannot bar Plaintiff's causes of actions arising from the amended U-5 form. *See Blair v. City of Greenville*, 649 F.2d 365, 368 (5th Cir. 1981) (*res judicata* does not bar a suit based on acts of the defendant that have occurred after final judgment). For purposes of *res judicata*, *Wang I* became a final judgment on April 20, 2007. *See Fidelity Standard Life insurance Co. v. First National Bank & Trust Co.*, 510 F.2d 272, 273 (5th Cir. 1975) (final judgment begins *res judicata* unless decision is reversed on appeal). Therefore, Plaintiff could not have brought her claims relating to the November 15, 2007 amendment during the pendency of *Wang I*.

However, the subsequent wrongs doctrine does not prevent the preclusive effects of *Wang II* from applying to the instant case. Final judgment in *Wang II* was rendered on January 9, 2008. Therefore, Plaintiff's U-5 Form was amended during the pendency of *Wang II*. When more harms arising from the same cause of action occur during the pendency of a case, they must be brought at that time to avoid the effects of *res judicata*. *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 402 (5th Cir. 2009) (*res judicata* applied where the advertisements at issue were aired during the

6

pendency of the prior claim); *Davis*, 383 F.3d at 314 (subsequent wrong doctrine only applies where case had not been filed or judgment had not been entered).

Plaintiff's causes of action arising from her U-5 form are integrally connected to her claims in *Wang II*. To determine whether the prior and current suit involve the same cause of action, courts in this circuit apply the 'transactional' test. *Davis*, 383 F.3d at 313 (citing *Nilson v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983)). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Id.* (quoting *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004). The key question, whether the causes of action are based on the same nucleus of operative facts, "must 'be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations of business understanding or usage.'" *Id.* (quoting *Petro-Hunt*, 365 F.3d at 395-96).

The underlying cause of this case, as well as in *Wang I* and *Wang II*, is Prudential's termination of Plaintiff. Indeed, Plaintiff makes clear in her complaint that the Court should revisit its prior decisions and find that she was wrongfully terminated. [Pl's Am. Compl. at 42, 50-51.] *Wang II*, as well as *Wang I*, involved the termination itself, whereas this case involves Prudential's stated reason for the termination on a mandatory regulatory form. Therefore, the causes of action arise from the same allegedly discriminatory course of conduct and claim the same discriminatory and retaliatory motives. The harms alleged in this case arise almost directly from the harms alleged in *Wang II*. The claims could have and should have been brought in a convenient trial unit. Plaintiff

7

cannot now bring this action because it could have been brought during *Wang II*, even if Plaintiff would have had to receive a "right to sue" letter from the EEOC to amend her complaint. *See Davis*, 383 F.3d at 314-15. Therefore, all of Plaintiff's claims arising from the November 15, 2007 amendment of Plaintiff's U-5 form should be dismissed.

### *B. Plaintiff's Compensation Claims*

Plaintiff's Compensation Claims are even more directly connected to her previous lawsuits than her claims regarding her U-5 Form. Plaintiff's Compensation Claims raise the same issues involving Plaintiff's final commission check which the *Wang II* Court determined should have been brought during the pendency of *Wang I*. Therefore, all of Plaintiff's compensation claims should be denied as *res judicata*.

Plaintiff asserts that her cause of action has been revived by the Ledbetter Act. Though that Act could potentially be construed to apply retroactively to Plaintiff's prior claims, the Court need not make such a determination here, where that Act has no bearing on the disposition of the case. At issue in this case is one check, which was issued in December 2006; the Ledbetter Act, however, only has significance where a plaintiff alleges a series of discriminatory payments. The Ledbetter Act overturned the Supreme Court's opinion in *Ledbetter v. Goodyear*, which held that the first discriminatory payment is the sole point of reference as to whether a discriminatory compensation claim was timely filed. 550 U.S. 618, 637 (2007) ("Because Ledbetter did not file timely EEOC charges relating to her employer's discriminatory pay decisions in the past, she cannot maintain a suit based on that past discrimination at this time."). The Ledbetter Act simply renews a plaintiff's cause of action each time the plaintiff receives a discriminatory paycheck. *See* 29 U.S.C.A. §

8

626(d)(3) (2010). As noted, the Act has no application where, as here, only one paycheck is put at issue. Therefore, Plaintiff's Compensation Claims are barred by *res judicata*.

Having found that all of Plaintiff's claims are barred by *res judicata*, the Court need not examine other defenses raised by Defendants.

### RECOMMENDATION

The Court finds that all of Plaintiff's claims are barred by *res judicata*. As such, the claims are incurable. The Court recommends that Defendants' Motion to Dismiss be **GRANTED**.

**SIGNED**, April 2, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE