IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUDY CHOU CHIUNG-YU WANG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-1309-O |
| | § | |
| THE PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA, et. al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. #60) and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

It is apparent from all pleadings and evidence on record that this Court lacks personal jurisdiction over Non-Resident Defendants Julie Mohanco, Michele Talafha, Mary Jo Reich, and Bonnie Goshin. However, Plaintiff, as part of her objections to the Findings, Conclusions, and Recommendation of the Magistrate Judge files a Motion to Stay (Doc. #61) requesting that this Court stay these proceedings and allow Plaintiff to arbitrate her claims. Non-resident Defendants argue that Plaintiff has effectively waived her right to arbitrate her claims by maintaining this lawsuit.

Waiver of a party's right to arbitrate will be found when that party substantially invokes the judicial process to the detriment or prejudice of the other party. *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986). When a party files a lawsuit without asserting an arbitration clause, they have substantially invoked the judicial process. *See Texaco Exploration &*

*Prod. Co. v. AmClyde Engineered Prods. Co., Inc.*, 243 F.3d 906, 911 (5th Cir. 2001). This is Plaintiff's third lawsuit regarding her termination and she has not sought, until now, to compel arbitration. Rather she has repeatedly invoked the judicial process. Lastly, Plaintiff's invocation of the judicial process has required Defendants to expend significant time and resources in connection with this case. Moreover, Plaintiff only raised her alleged right to arbitrate after the Magistrate Judge recommended that this case should be dismissed as against Non-Resident Defendants. Therefore, the Court finds that Plaintiff has clearly and unequivocally waived any right she may have had to arbitrate her claims. Accordingly, Plaintiff's Motion to Stay should be and is hereby **DENIED**.

      **SO ORDERED** on this **19th day of April, 2010.**

*(signature)*
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**