**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JUDY CHOU CHIUNG-YU WANG,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:09-CV-1309-O** |
| | § | |
| **THE PRUDENTIAL INSURANCE** | § | |
| **COMPANY OF AMERICA, et. al.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Recommendation of the United States Magistrate Judge (Doc. 62) and Plaintiff's objections thereto (Docs. 71,72). Plaintiff, Judy Chou Chiung-Yu Wang, takes issue with the Magistrate Judge's application of *res judicata* and the failure to recognize personal jurisdiction over certain named Defendants.

Plaintiff's suit is barred by *res judicata* because all claims should have been brought in prior litigation. *Res judicata* "bars all claims that were brought or could have been advanced in support of a cause of action on the occasion of its former adjudication." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 314 (5th Cir. 2004). The four elements that must be met for *res judicata* to bar a claim are as follows: 1) the parties in both the prior suit and current suit must be identical; 2) a court of competent jurisdiction must have rendered the prior judgement; 3) the prior judgment must have been final and on the merits; and 4) the plaintiff must raise the same cause of action in both suits. *Id.* In her objections (Docs. 71,72), Plaintiff takes issue with the first, third, and fourth elements of *res judicata.*

The first element of *res judicata* requires that the parties in both the prior suit and current suit be identical. The Fifth Circuit held that a non-party is in privity with a party for *res judicata* purposes if "the party adequately represented his interests in the prior proceeding." *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990). The Magistrate Judge found that because the individual Defendants were employees of Prudential, the parties were in privity with one another. Where an initial suit was filed against a corporation on the grounds of vicarious liability, the employees are in privity with the employer for purposes of *res judicata*. *Lubrizol Corp. V. Exxon Corp.*, 871 F.2d 1279, 1288 (5th Cir. 1989). Plaintiff argues that because the individual Defendants are former employees of Prudential, privity doesn't exist. However, current employment status has no bearing on the determination of privity because, being a vicarious liability suit, the claim arose from conduct in the course and scope of Defendants' employment with Prudential. Thus, Prudential inherently represented Defendants' interests in the prior litigation (*Wang II*), despite the fact that Defendants were no longer employed by Prudential. As such, the parties are in privity and the first element of *res judicata* is met.

Plaintiff also takes issue with the third element, asserting that due to her appeal, the *Wang II* judgment lacked the finality *res judicata* requires. However, Plaintiff's assertion is misguided. Plaintiff's timely appeal in *Wang II* does not avoid the finality of the judgment. A pending appeal in the court system does not affect the judgment's binding force in a second court as to all issues. *Fidelity Standard Life Ins., Co. v. First Nat'l Bank & Trust Co.*, 510 F.2d 272, 273 (5th Cir. 1975). Therefore, the judgment in *Wang II* is final and bars this action.

Next, Plaintiff argues that this suit is not barred by *res judicata* since this is a new cause of action that has not previously been asserted. However, as the Magistrate Judge pointed out,

Plaintiff's claims arise from the original cause of action in *Wang I*, the termination of Plaintiff's employment. Subsequent claims stemming from the same cause of action in *Wang II* were barred by *res judicata*. Plaintiff asserts that further harms from the same cause of action, the November 15, 2007 amendments to Plaintiff's "U-5" form, allow this suit. However, these harms occurred during the *Wang II* litigation. As such, the claims should have been brought at that time, to avoid *res judicata. See Oreck Direct, LLC v. Dyson, Inc.,* 560 F.3d 398, 402 (5th Cir. 2009). Instead, Plaintiff failed to file an amended complaint asserting harms from the amendments to the "U-5." Although Plaintiff may have suffered additional harms, these harms emanated from the termination of her employment. Because the termination of Plaintiff's employment was the cause of action in *Wang II*, the same cause of action is the subject of both suits. As a result, *res judicata* bars this action, as *Wang II* was the appropriate forum to litigate this matter.

Additionally, Plaintiff takes issue with the Court's lack of personal jurisdiction over certain Defendants. In Plaintiff's objections (Doc. 71), she goes through the steps of the minimum contacts analysis, but fails to allege any jurisdictional facts (Doc. 71, PageID 911). Rather, Plaintiff uses the elements of the analysis as grounds for a legal conclusion. The activities of the employees at issue were in the course and scope of their employment with Prudential. The employees, in their individual capacities, did not purposefully avail themselves of the privilege of conducting business in Texas. The Defendants acted on behalf of their principal, Prudential, which availed itself of the benefits of conducting business in Texas; thereby allowing the company to be amendable to suit within Texas. Because the employee Defendants didn't have minimum contacts with Texas, the Magistrate Judge's recommendation that they be dismissed for lack of personal jurisdiction was proper.

After reviewing all relevant matters of record in this case, including the Findings,

Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 62), Plaintiff's

Objections thereto (Docs. 71,72), and Defendants' Response to Plaintiff's Objection (Doc. 73),

the  undersigned District Judge is of the opinion that the Findings and Conclusions of the

Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

By separate judgment, the Court formally dismisses this action.

      **SO ORDERED** on this **18th** day of **May, 2010.**

                                        _____
                                        Reed O'Connor
                                        **UNITED STATES DISTRICT JUDGE**